IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

JAMES MACK BROWN, BAMBIE )
BROWN, KIM O'DONNELL )
TODDO'DONNELL, SEAN NIX )
and JENNIFERNIX, )          CASE NO.:  3:09-cv-2 (CDL)
                                            )
          Plaintiffs, )
                                            )
     vs. )
                                            )
JERRY CALVIN LEDFORD )
and SULLENS TRUCKING CO., )
INC., )
                                            )
          Defendants. )

## PLAINTIFFS'  PROPOSED JURY INSTRUCTIONS

COMES NOW, Plaintiffs in the above-styled matter, by and through

counsel, and hereby submit the following Proposed Jury Instructions, to be given

by the Court to the jury in this cause.

Respectfully submitted this 7th day of April, 2010.


                         THE GAMBLE LAW FIRM, P.C.

                         s/Michael J. Gamble
                         MICHAEL J. GAMBLE
                         Al State Bar No.: 3784M63M
                         Attorney for Plaintiffs
                         206 East Main Street
                         Dothan, Alabama 36301
                         (334) 793-2889

John R. McCown
The McCown Law Firm, P.C.
P.O. Box 2645
Dalton, GA  30722
(770) 401-1372
Attorneys for Plaintiffs

## <u>PLAINTIFFS' PROPOSED JURY INSTRUCTION # 1</u>

Negligence

In this case the Plaintiffs claim that the Defendant Ledford was negligent and that such negligence was a legal cause of damage sustained by the Plaintiffs. Specifically, the Plaintiffs allege that Defendant Ledford, while in the course and scope of his employment as a truck driver for Defendant Sullens Trucking Company, Inc., was negligent in the operation of a tractor-trailer that he was driving when it collided with the vehicle occupied by the Plaintiffs.

In order to prevail on this claim the Plaintiff must prove both of the following facts by a preponderance of the evidence:

First: That the Defendant Ledford was "negligent;" and

Second: That such negligence was a "legal cause" of damage sustained by the Plaintiffs.

Adapted from 11th Circuit Pattern Jury Instructions Civil (2005) p. 451

## PLAINTIFFS' PROPOSED JURY INSTRUCTION # 2

"Negligence" is the failure to use reasonable care. Reasonable care is that degree of care that a reasonably careful person would use under like circumstances. Negligence may consist either in doing something that a reasonably careful person would not do under like circumstances, or in failing to do something that a reasonably careful person would do under like circumstances.

Adapted from 11th Circuit Pattern Jury Instructions Civil (2005) p. 451

## PLAINTIFFS' PROPOSED JURY INSTRUCTION # 3

Negligence is a "legal cause" of damage if it directly and in natural and continuous sequence produces, or contributes substantially to producing such damage, so it can reasonably be said that, except for the negligence, the loss, injury or damage would not have occurred. Negligence may be a legal cause of damage even though it operates in combination with the act of another, some natural cause, or some other cause if such other cause occurs at the same time as the negligence and if the negligence contributes substantially to producing such damage.

Adapted from 11th Circuit Pattern Jury Instructions Civil (2005) p. 452

## PLAINTIFFS' PROPOSED JURY INSTRUCTION # 4

Negligence Per Se

The plaintiffs also contend that the defendant violated certain laws or ordinances O.C.G.A. § 40-6-180.

Such violation is called negligence *per se,* which means negligence as a matter of law. It is your duty to decide whether such violation took place or not.

*Central R.R. & Banking Co. v. Smith,* 78 Ga. 694 (1886)

*Wilson v. Georgia Power & Light Co.,* 200 Ga. 207, 208 (1946)

*Ford Motor Co. v. Carter,* 141 Ga. App. 371, 374; 239 Ga. 647, 662 (1977)

Adapted from GA-JICIV 60.050

## <u>PLAINTIFFS' PROPOSED JURY INSTRUCTION # 5</u>

Motor Vehicles; Speed and Control; Generally

No person shall drive a vehicle at a speed greater than is reasonable and careful under the conditions and having regard for the actual and potential hazards then existing. Consistent with the foregoing, every person shall drive at a reasonable and prudent speed . . . when approaching and traversing a hillcrest . . . and when special hazards exist with respect to . . . other traffic or by reason of weather or highway conditions.

<u>O.C.G.A. §40-6-180</u>

Adapted from GA-JICIV 42.010

## **PLAINTIFFS' PROPOSED JURY INSTRUCTION # 6**

Motor Vehicles; Speed and Control; Generally

 The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway.

 O.C.G.A. § 40-6-49(a).

## <u>PLAINTIFFS' PROPOSED JURY INSTRUCTION # 7</u>

If a preponderance of the evidence does not support the Plaintiffs' claims, then your verdict should be for the Defendants.  If, however, a preponderance of the evidence does support the Plaintiffs' claims, you will then consider the defense raised by the Defendants.


Adapted from 11th Circuit Pattern Jury Instructions Civil (2005) p. 452

## PLAINTIFFS' PROPOSED JURY INSTRUCTION # 8

If the evidence proves negligence on the part of the Defendants that was a legal cause of damage to the Plaintiffs, you should award each Plaintiff an amount of money that will fairly and adequately compensate him or her for such damage.

In considering the issue of the Plaintiffs' damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiffs' damages, no more and no less.

Adapted from 11th Circuit Pattern Jury Instructions Civil (2005) p. 454-5.

## PLAINTIFFS' PROPOSED JURY INSTRUCTION # 9

Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury - - tangible and intangible. Thus, no evidence of the value of such intangible things as pain and suffering has been or need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

(a) Medical and hospital expenses, past and future;

(b) Mental or physical pain and anguish, past and future;

(c) Loss of Consortium, past and future;

(d) Damage to personal property.

Adapted from 11th Circuit Pattern Jury Instructions Civil (2005) p. 455-6.

## PLAINTIFFS'  PROPOSED JURY INSTRUCTION #_10

Medical and Hospital Expenses

In all cases, necessary expenses resulting from the injury are a legitimate item of damages.

As to medical expenses, such as hospital, doctor, and medicine bills, the amount of the damage would be the reasonable value of such expense as was reasonably necessary.

O.C.G.A. §51-12-7

*Georgia Power Co. v. Clark,* 69 Ga. App. 273 (1943); medicine

*Georgia Railway and Power Co. v. Ryan,* 24 Ga. App. 290 (1919); doctor's bill; other decisions cited to notes for "medical expenses" and "physician's bill" following O.C.G.A. §51-12-7


GA-JICIV 66.040

## PLAINTIFFS' PROPOSED JURY INSTRUCTION # 11

Pain and Suffering; Generally

Pain and suffering is a legal item of damages. The measure is the enlightened conscience of fair and impartial jurors. Questions of whether, how much, and how long the plaintiff has suffered or will suffer are for you to decide.

*Western, etc., Railroad Co. v. Young,* 83 Ga. 512, 515 (1889)

*Redd v. Peters,* 100 Ga. App. 316 (1959)

GA-JICIV 66.501

## PLAINTIFFS' PROPOSED JURY INSTRUCTION # 12

**Pain and Suffering; Mental**

Pain and suffering includes mental suffering, but mental suffering is not a legal item of damage unless there is physical suffering also.

*OB-GYN Associates of Albany v. Littleton,* 259 Ga. 663 (1989)

*Southern Railway Co. v. Jackson,* 146 Ga. 243 (1916)

*Chapman v. Western Union Telegraph Co.,* 88 Ga. 763 (1892)

Anxiety, shock and worry are examples of what might be included under mental pain and suffering.

Adapted from GA-JICIV 66.502

## PLAINTIFFS'  PROPOSED JURY INSTRUCTION #_13

Pain and Suffering; Future

If you find that the plaintiffs' pain and suffering will continue into the future, you should award damages for such future pain and suffering as you believe the plaintiff will endure. In making such award, your standard should be your enlightened conscience as impartial jurors. You would be entitled to take into consideration the fact that the plaintiff is receiving a present cash award for damages not yet suffered.

*Southern Railway Co. v. Bottoms,* 35 Ga. App. 804 (1926)

*Brock v. Cato,* 75 Ga. App. 79, 82 (1947)

*Williams v. Vinson,* 104 Ga. App. 886, 893 (1961)

*Shore v. Ferguson,* 142 Ga. 657 (1914)

*Everett v. Holmes,* 126 Ga. App. 208 (1972)

GA-JICIV 66.503

## PLAINTIFFS' PROPOSED JURY INSTRUCTION # 14

Pain and Suffering; Preexisting Injury; Aggravation

No plaintiff may recover for injuries or disabilities that are not connected with the act or omissions of the defendant in this case. There can be no recovery for a particular plaintiff for any injury or disability that was not proximately caused by the incident in question.

*Crandall v. Sammons,* 62 Ga. App. 1, 5 (1940)

If you should find that, at the time of the incident, the plaintiff had any physical condition, ailment, or disease that was becoming apparent or was dormant, and if you should find that the plaintiff received an injury as a result of the negligence of the defendant and that the injury resulted in any aggravation of a condition already pending, then the plaintiff could recover damages for aggravation of the preexisting condition.

*Whatley v. Henry,* 65 Ga. App. 668 (1941)

*Mitchell v. Turner,* 89 Ga. App. 14 (1953)

*Garner v. Driver,* 155 Ga. App. 322 (1980)

GA-JICIV 66.504

## PLAINTIFFS' PROPOSED JURY INSTRUCTION # 15

Consortium

A married person has a right to recover for the loss of consortium, sometimes called loss of services, of the spouse. You should be careful to remember that services the law refers to are not only household labor but also society, companionship, affection, and all matters of value arising from marriage. There does not have to be any direct evidence of their value, but the measure of damages is their reasonable value, as determined by the enlightened conscience of impartial jurors taking into consideration the nature of the services and all the circumstances of the case.

*Brown v. Georgia-Tennessee Coaches Inc.,* 88 Ga. App. 519 (1953); married woman has action for loss of consortium.

*Nunnally v. Shockley,* 97 Ga. App. 300 (1958)

*Hobbs v. Holliman,* 74 Ga. App. 735, 739 (1947)

*Shepherd Construction Co. Inc. v. Vaughn,* 88 Ga. App. 285 (1953)

GA-JICIV 66.400

## PLAINTIFFS' PROPOSED JURY INSTRUCTION # 16

Consortium; Permanent Loss, Present Cash Value of; Joint Life Expectancy Is
Measure of Damages

When permanent loss of consortium occurs, you would determine the
damages on the basis of the joint life expectancy of the husband and wife, that is,
by how long they would both have lived together if the injury of the spouse had not
occurred. That joint lifetime loss would have to be reduced to its present cash
value.

*Atlantic Coast Line R.R. Co. v. McDonald,* 50 Ga. App. 856(5) (1935)

*Beavers v. Davis,* 110 Ga. App. 248(2) (1964)

*Cody v. Peak,* 113 Ga. App. 676(2) (1966)

*Central Truckaway, etc., Co. v. Harrigan,* 79 Ga. App. 117(4) (1949); future
consortium must be reduced to present cash value.

## PLAINTIFFS'  PROPOSED JURY INSTRUCTION #  17

Tort Damages; Life Expectancy; Generally

You may determine the life expectancy of a person when the person's age is shown without any other direct evidence on the subject. In deciding this matter, you are also entitled to consider the evidence pertaining to the person's health, habits, surroundings, and method of living.

*Davis v. Whitcomb,* 30 Ga. App. 497(16) (1923)

GA-JICIV 66.301

## PLAINTIFFS' PROPOSED JURY INSTRUCTION # 18

Life Expectancy; Mortality Tables

There is another way in which you may determine the life expectancy of the plaintiff. There has been introduced into evidence a copy of the Annuity Mortality Table 1949, Ultimate mortality table. If you desire to determine from this table the life expectancy of a person, look up that person's age in one column, and across from the age column, you will find the life expectancy of a person of that age. Life expectancy shown on any such table is merely a guide that you may follow while considering the evidence as a whole.

*Savannah, etc., Railway v. Stewart,* 71 Ga. 427 (1883)

*Augusta Railway Co. v. Glover,* 92 Ga. 132, 148 (1892); and other cases cited to note "mortality tables"; subnote "conclusive" following O.C.G.A. §51-12-4

Adapted from GA-JICIV 66.302

## PLAINTIFFS' PROPOSED JURY INSTRUCTION # 19

Life Expectancy – Mortality Tables

If a preponderance of the evidence shows that any of the Plaintiffs have been permanently injured, you may consider the Plaintiffs' life expectancies. The mortality tables received in evidence may be considered in determining how long the claimant may be expected to live. Bear in mind, however, that life expectancy as shown by mortality tables is merely an estimate of the average remaining life of all persons in the United States of a given age and sex having average health and ordinary exposure to danger of persons in that group. So, such tables are not binding on you but may be considered together with the other evidence in the case bearing on the Plaintiff's own health, age, occupation and physical condition, before and after the injury, in determining the probable length of the Plaintiff's life.

Adapted from 11th Circuit Pattern Jury Instructions Civil (2005) p. 563.

## PLAINTIFFS' PROPOSED JURY INSTRUCTION # 20

Tort Damages; Personal Property; Generally

The plaintiffs James and Bambie Brown seek to recover for the alleged damages to their personal property. If you find that the plaintiffs are entitled to recover, this property is a proper item of damages. The (amount that may be recovered) is the difference between the fair market value of the damaged property immediately before the injury and the fair market value of the damaged item just after the damage, if any, was inflicted.

*Douglas v. Prescott,* 31 Ga. App. 684 (1924)

*Mitchell v. Mullen,* 45 Ga. App. 282(5) (1932)

*Rutledge v. Glass,* 125 Ga. App. 549 (1972); cited to note "value of property"

Adapted from GA-JICIV 66.020

## PLAINTIFFS' PROPOSED JURY INSTRUCTION # 21

The Plaintiffs also claims that the acts of the Defendant Ledford's actions show willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care that would raise the presumption of conscious indifference to consequences so as to entitle the Plaintiff to an award of punitive damages in addition to compensatory damages.

The Plaintiffs also claims Defendant Ledford's actions show willful misconduct, wantonness, or that entire want of care that would raise the presumption of conscious indifference to consequences so as to entitle the Plaintiff to an award of punitive damages in addition to compensatory damage, in your discretion, against the Defendant as punishment and as a deterrent to others.

When assessing punitive damages, you must be mindful that punitive damages are meant to punish the Defendant for the specific conduct that harmed the Plaintiff in the case and for only that conduct. For example, you cannot assess punitive damages for the Defendant being a distasteful individual or business. Punitive damages are meant to punish the Defendant for this conduct only and not for conduct that occurred at another time.  Your only task is to punish the Defendant for the actions [it] [he] [she] took in this particular case.

If you find that punitive damages should be assessed against the Defendant, you may consider the financial resources of the Defendant in fixing the amount of

such damages [and you may assess punitive damages against one or more of the

Defendants, and not others, or against more than one Defendant in different

amounts].

ANNOTATIONS AND COMMENTS
A major limitation on recovery of punitive damages is the Supreme Court's
recent announcement that "few awards exceeding a single-digit ration between
punitive and compensatory damages . . . will satisfy due process."  State Farm
Mutual Auto. Ins. Co. v. Campbell, 538 U.S. 408, 123 S.Ct. 1513, 155 L.Ed.2d 585
(2003).  Also in that case, the Court further explained the guideposts set out in
BMW of N. Am., Inc. v. Gore, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809
(1996) for courts reviewing punitive damages awards.  Those three guideposts are:
(1) the degree of reprehensibility of the defendant's misconduct; (2) the disparity
between the
actual or potential harm suffered by the plaintiff and the punitive damages
award; and (3) the difference between the punitive damages awarded by the jury
and the civil penalties authorized or imposed in comparable cases.

Adapted from Adapted from 11th Circuit Pattern Jury Instructions Civil (2005) pp.
561-62 and GA-JICIV 66.700.I

## PLAINTIFFS' PROPOSED JURY INSTRUCTION # 22

Punitive Liability

The Plaintiffs also claim Defendant Ledford's actions show willful misconduct, wantonness, or that entire want of care that would raise the presumption of conscious indifference to consequences so as to entitle the Plaintiff to an award of punitive damages in addition to compensatory damages.

Before you may award (impose) punitive damages, the plaintiff must prove that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care that would raise the presumption of conscious indifference to consequences. The plaintiff must prove that the defendant is liable for punitive damages by a higher standard than that for proof of other damages; that is, by clear and convincing evidence.

Adapted from GA-JICIV 66.700

## PLAINTIFFS' PROPOSED JURY INSTRUCTION # 23

Clear and Convincing Evidence

As to the issue of punitive damages, the Plaintiffs must prove to a reasonable certainty by clear, convincing, and decisive evidence that the (plaintiff) (defendant) is entitled to relief. This is a different and higher burden of proof than a mere preponderance of the evidence.

_Yablon v. Metropolitan Life Ins. Co._, 200 Ga. 693 (1946)

_Wall et al. v. Wood_, 174 Ga. 508 (1931)

_Liberty National Bank and Trust Co. et al. v. Diamond_, 229 Ga. 677 (1972)

_Freeman v. Saxton_, 243 Ga. 571 (1979)


Clear and convincing evidence is defined as evidence that will cause the jury to firmly believe each essential element of the claim to a high degree of probability. Proof by clear and convincing evidence requires a level of proof greater than a preponderance of the evidence (but less than beyond a reasonable doubt).

(_Give definition of reasonable doubt if appropriate._)

_Clarke v. Cotton_, 263 Ga. 861 (1994) (_The special concurrence to this decision contains a variety of definitions of clear and convincing evidence._)


Adapted from GA-JICIV 02.040

## <u>PLAINTIFFS' PROPOSED JURY INSTRUCTION # 24</u>

Punitive Liability, continued

If the plaintiff fails to prove, by clear and convincing evidence, that the defendant was guilty of willful misconduct, malice, fraud, wantonness, oppression, or entire want of care that would raise the presumption of conscious indifference to consequences, then you would not be authorized to award (impose) punitive damages.

Mere negligence, although amounting to gross negligence, will not alone authorize an award (imposition) of punitive damages.

Punitive damages, when authorized, are awarded (imposed) not as compensation to a plaintiff but solely to punish, penalize, or deter a defendant. In your verdict, you should specify whether you do or do not decide (that the plaintiff should receive) (to impose) punitive damages.

<u>Alliance Transp. Inc. v. Mayer,</u> 165 Ga. App. 344, 345 (1983)

GA-JICIV 66.702

## PLAINTIFFS'  PROPOSED JURY INSTRUCTION #  25

Punitive Damages; Amount; Generally

You have decided to award (impose) punitive damages. Next you must determine the appropriate amount of punitive damages. In doing so, you should consider all the evidence in the first phase of the trial, plus any evidence admitted in the most recent phase of the trial. (You should also bear in mind that the plaintiff's injury has been made whole by your award of compensatory damages). The sole purpose of punitive damages is to punish, penalize, or deter the defendant, and the amount you award (impose) should reflect that purpose only.

GA-JICIV 66.740

## PLAINTIFFS' PROPOSED JURY INSTRUCTION # 26

Punitive Damages; Measure

The measure of such damages is your enlightened conscience as an impartial jury (but not more than $250,000) (but not more than *[insert ratio range]*) to your compensatory award).

O.C.G.A. §51-12-5.1

Adapted from GA-JICIV 66.741

## PLAINTIFFS' PROPOSED JURY INSTRUCTION # 27

**Punitive Damages; Amount; Guidelines**

*(Note: Georgia statutory law does not recognize guidelines for punitive damages.*

State Farm Mutual Automobile Insurance Company v. Campbell, *538 US 408; 123*

*S. Ct. 1513 [2003] arises from another state and has not been interpreted in*

*Georgia as of this writing. Procedures and evidence addressed are specific to that*

*case; however, in broad language, the opinion addresses and condemns perceived*

*due process problems that occur in many jurisdictions, including Georgia. The*

*trial judge needs to be aware of its [6-3] holding and the trend that it supports.*

*Much of its language may be dicta, but the case is perceived by many to be a*

*bellwether case on punitive damages. The extent of the effect is not known.)*

In considering the amount of punitive damages, you may consider the

following factors:

1) the nature and egregiousness (reprehensibility) of the defendant's conduct

2) the extent and duration of the defendant's wrongdoing and the (possibility)

(likelihood) of its recurrence *(The word "possibility" is from the opinion;*

*substitution of "likelihood" may avoid a burden of proof conflict.)*

3) the intent of the defendant in committing the wrong

4) the amount of actual damages awarded

5) the financial circumstances, that is, the financial condition and or the net worth of the defendant *(Give only if supported by evidence.)*

6) any other pertinent circumstances *(Note: This catchall is from Georgia case law but may violate due process and* <u>State Farm v. Campbell</u>*.)*

<u>*Hospital Authority of Gwinnett Co. v. Jones,*</u> <u>259 Ga. 759, 764 (1989)</u>; reversed on other grounds


<u>State Farm</u> *and* <u>BMW v. Gore,</u> *<u>517 US 559 (1996)</u> set the following guidelines for review of any punitive award:*

*1) degree of reprehensibility of the defendant's conduct;*

*2) proportionality between conduct, compensatory award, and punitive award; and*

*3) comparison between the punitive award and authorized civil penalties imposed in comparable cases.*

Adapted from GA-JICIV 66.750

## PLAINTIFFS' PROPOSED JURY INSTRUCTION # 28

Punitive Damages; Conclusion

Any award you make should be both reasonable and just in light of your previous award of damages, the conduct and circumstances of the defendant, and the purpose of punitive damages.

GA-JICIV 66.780

Respectfully submitted this 7th day of April, 2010.

s/Michael J. Gamble
Michael J. Gamble
Attorney for Plaintiffs
AL Bar No. 3784M63M
The Gamble Law Firm, P.C.
206 E. Main Street
Dothan, AL 36201
(334) 793-2889
Fax: (334) 792-9611
Email:gamblelawfirmmjg@comcast.net

s/ John R. McCown
John R. McCown
Attorney for Plaintiffs
Georgia Bar No. 486002
The McCown Law Firm, PC
P.O. Box 2645
Dalton, GA 30722
(770) 401-1372
Fax (888) 398-1256
E-mail:john.mccown@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on 7th day of April, 2010, I electronically filed the Plaintiffs' Proposed Jury Charges with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorney of record: glovell@carlockcopeland.com and erogers@carlockcopeland.com.

I also certify that I have this 7th day of April, 2010, I served a copy of the within and foregoing pleading upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

D. Gary Lovell
Eric J.D. Rogers
Attorney for Defendants
Carlock, Copeland, & Stair, L.L.P.
2600 Marquis Tower Two
285 Peachtree Center Avenue
Atlanta, GA 30303-1235

This 7th day of April, 2010.

s/ John R. McCown
John R. McCown
Attorney for Plaintiffs
GA Bar No. 486002

The McCown Law Firm, P.C
P.O. Box 2645
Dalton, GA 30722
(770) 401-1372
FAX (888) 398-1256
Email: john.mccown@gmail.com