IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| JAMES MACK BROWN, BAMBIE BROWN, KIM O'DONNELL, TODD O'DONNELL, SEAN NIX and JENNIFER NIX, | ) ) ) ) CASE NO.: 3:09-cv-2 (CDL) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| JERRY CALVIN LEDFORD and SULLENS TRUCKING CO., INC., | ) ) ) ) |
| Defendants. | ) |

## DEFENDANTS' REQUESTS TO CHARGE

COME NOW Jerry Calvin Ledford and Sullens Trucking Co., Inc.,

Defendants, and pursuant to this Court's Trial Notice of March 2, 2010, and request

that the Court give the following charges to the jury which are attached hereto,

separately and independently, numbered one (1) through (46).

Defendants reserve the right to submit additional jury instructions that cover

matters arising at trial.

Respectfully submitted,

CARLOCK, COPELAND & STAIR, LLP

By:     */s/ Eric J.D. Rogers*
         D. GARY LOVELL, JR.
         State Bar No. 459389

ERIC J.D. ROGERS
State Bar No. 100081
Attorneys for Defendants

2600 Marquis Two Tower
285 Peachtree Center Avenue
Atlanta, GA 30303-1235
(404) 522-8220
..........
P.O. Box 56887
Atlanta, GA 30343-0887

## DEFENDANTS' REQUEST TO CHARGE NO. 1
### (PRELIMINARY INSTRUCTIONS BEFORE TRIAL)

Ladies and Gentlemen:

You have now been sworn as the Jury to try this case. By your verdict, you will decide the disputed issues of fact.

I will decide all questions of law and procedure that arise during the trial, and, before you retire to the jury room at the end of the trial to deliberate upon your verdict and decide the case, I will explain to you the rules of law that you must follow and apply in making your decision.

The evidence presented to you during the trial will primarily consist of the testimony of witnesses, and tangible items including papers or documents called "exhibits."

**Transcripts Not Available.** You should pay close attention to the testimony because it will be necessary for you to rely upon your memories concerning what the testimony was. Although, as you can see, the Court Reporter is making a stenographic record of everything that is said, typewritten transcripts will not be prepared in sufficient time or appropriate form for your use during your deliberations and you should not expect to receive them.

**Exhibits Will be Available.** On the other hand, any exhibits admitted in evidence during the trial <u>will</u> be available to you for detailed study, if you wish,

during your deliberations.  So, if an exhibit is received in evidence but is not fully read or shown to you at the time, don't be concerned because you will get to see and study it later during your deliberations.

During the trial, you should keep an open mind and should avoid reaching any hasty impressions or conclusions.  Reserve your judgment until you have heard <u>all</u> of the testimony and evidence, the closing arguments or summations of the lawyers, <u>and</u> my instructions or explanations to you concerning the applicable law.

Because of your obligation to keep an open mind during the trial, coupled with your obligation to then decide the case only on the basis of the testimony and evidence presented, you must not discuss the case during the trial in any manner among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence; and you should avoid reading any newspaper articles that might be published about the case.  You should also avoid seeing or hearing any television or radio comments about the trial.

From time  to time during the trial, I may be called upon to make rulings of law on objections or motions made by the lawyers.  You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side of the other.  And if I should sustain an objection to a question that goes unanswered by a witness, you should not guess or

speculate what the answer might have been nor should you draw any inferences or conclusions from the question itself.

During the trial it may be necessary for me to confer with the lawyers from time to time out of your hearing with regard to questions of law or procedure that require consideration by the court or judge alone. On some occasions you may be excused from the courtroom for the same reason. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

The order of the trial's proceeding will be as follows: In just a moment the lawyers for each of the parties will be permitted to address you in turn and make what we call their "opening statements." The Plaintiff will then go forward with the calling of witnesses and presentation of evidence during what we call the Plaintiff's "case in chief." When the Plaintiff finishes (by announcing "rest"), the Defendants will proceed with witnesses and evidence, after which, within certain limitations, the Plaintiff may be permitted to again call witnesses or present evidence during what we call the "rebuttal" phase of the trial. The Plaintiff proceeds first, and may rebut at the end, because the law places the burden of proof or burden of persuasion upon the Plaintiff (as I will further explain to you as a part of my final instructions).

When the evidence portion of the trial is completed, the lawyers will then be given another opportunity to address you and make their summations or final arguments in the case, after which I will instruct you on the applicable law and you then retire to deliberate upon your verdict.

Now, we will begin by affording the lawyers for each side an opportunity to make their opening statements in which they may explain the issues in the case and summarize the facts they expect the evidence will show.

I caution you that the statements that the lawyers make now (as well as the arguments they present at the end of the trial) are not to be considered by you either as evidence in the case or as your instruction on the law. Nevertheless, these statements and arguments are intended to help you understand the issues and the evidence as it comes in, as well as the positions taken by both sides. So I ask that you now give the lawyers your close attention as I recognize them for purposes of opening statements.

_____
Of Counsel for Defendants

Eleventh Circuit Pattern Jury Instructions (Civil Cases) 2005

## DEFENDANTS' REQUEST TO CHARGE NO. 2
### (Unanimous Verdict Required)

Any verdict you reach in the jury room must be unanimous.  In other words, to return a verdict, you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up you honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way, you are the judges -- judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

_____
Of Counsel for Defendants

Eleventh Circuit Pattern Jury Instructions (Civil Cases) 2005: Basic Instructions § 7.2

**<u>DEFENDANTS' REQUEST TO CHARGE NO. 3</u>**
**(Election of Foreperson; Explanation of Verdict Forms)**

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

You will take the verdict form to the jury room and when you have reached unanimous agreement, you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal, who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

_____

Of Counsel for Defendants

Eleventh Circuit Pattern Jury Instructions (Civil Cases) 2005: Basic Instructions § 8

## **DEFENDANTS' REQUEST TO CHARGE NO. 4**
### **(Evidence, Direct and Circumstantial Evidence)**

Evidence is the means by which any fact that is put in question is established or disproved. Evidence includes all of the testimony of the witnesses as well as the exhibits admitted during the trial.

Direct evidence is the testimony of a witness who has seen or heard the facts about which the witness testifies and that, if believed, is sufficient to prove or establish these facts. Circumstantial evidence is the testimony of a witness who has seen or heard the facts about which the witness testifies. From such facts, if believed, you may find other facts to exist, that are reasonable and believable to you in the light of your experience.

_____
Of Counsel for Defendants

<u>Suggested Pattern Jury Instructions</u>, Vol. 1, Civil Cases, Fifth Edition, 02.100 and 02.110(2007)

## DEFENDANTS' REQUEST TO CHARGE NO. 5
### (Burden of Proof)

In this case it is the responsibility of the Plaintiff to prove every essential part of the Plaintiff's claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proven by a preponderance of the evidence you may consider the testimony of all the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claim by a preponderance of the evidence, you should find for the Defendants as to that claim.

_____

Of Counsel for Defendants

Eleventh Circuit Pattern Jury Instructions (Civil Cases) 2005: Basic Instructions §
6.1

**DEFENDANT'S REQUEST TO CHARGE NO. 6**
**(Preponderance of the Evidence, Further Explained)**

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, preponderance of the evidence in this case means such evidence as, when considered and compared with what opposes it, has more convincing force, and produces in your minds a belief that what is sought to be proved is more likely true than not true. Thus, if you the jury believe that the witnesses on each side are equally credible on an issue and find the evidence on each side to be equal such that your mind is not inclined one way or the other, then that Plaintiff has not carried his or her burden of proof by a preponderance of the evidence on that issue and you must resolve the issue in favor of the Defendants.

In determining whether any fact in dispute has been proved by a preponderance of the evidence in this case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have tendered them.

After carefully considering all of the evidence in this case and the instructions of the Court, if there is any doubt as to where the preponderance of the evidence lies as to any issue, such doubt should be resolved in favor of the Defendants as to that issue.

_____
Of Counsel for Defendants

Andrews v. Major, 180 Ga. App. 393, 395-96 (1986)

**DEFENDANTS' REQUEST TO CHARGE NO. 7**
**(Evenly Balanced Evidence)**

I charge you that, if you find the evidence is evenly balanced upon any issue in this case, then in such event, that Plaintiff has not carried his burden of proof and it would be your duty to find for Defendants as to that claim.

_____
Of Counsel for Defendants

Southern Ry. Co. v. Smalley, 116 Ga. App. 356 (1967)

## DEFENDANTS' REQUEST TO CHARGE NO. _8_
### (Circumstantial Evidence)

I charge you that indirect or circumstantial evidence is that which only tends in some respect to establish the matter at issue by proof of various facts which by their consistency may sustain the hypothesis claimed.

Where the plaintiff, having the burden of proof in a civil case, rests on circumstantial evidence, the circumstances proved must tend in some proximate and reasonable degree to establish the conclusion claimed and render less probable other inconsistent conclusions.  There must be more than a "scintilla" of circumstances for the plaintiff to make out a case.  By "scintilla" of circumstances, the law means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

If evidence is dependent entirely upon guesswork or speculation, it is without probative value.  I charge you that if it is necessary for you to guess or speculate in order to reach a conclusion as to this case, then in that event, the plaintiff cannot recover, and it would be your duty to return a verdict for the Defendants.

_____
Of Counsel for Defendants

O.C.G.A. §  24-1-1;

McCarty v. National Life & Accident Ins. Co., 107 Ga. App. 178, 182 (1962);

Landson Motor Co. v. Croft, 212 Ga. 275, 277 (1956)

Allison v. McGham Medical Corp., 184 F.3d 1300 (11th Cir., 1999).

Household Goods Carriers' Bureau v. Terrell, 452 F.2d 152 (5th Cir. 1971)

## DEFENDANTS' REQUEST TO CHARGE NO. 9
### (Doubt as to Preponderance of Evidence)

After carefully considering all the evidence in this case and the instructions of the Court, if there is any doubt as to where the preponderance of the evidence lies, such doubt should be resolved in favor of the Defendants.

_____
Of Counsel for Defendants

Richards v. Harpe, 42 Ga. App. 123, 126 (1930);

Andrews v. Major, 180 Ga. App. 193 (1986);

Garner v. Driver, 155 Ga. App. 322, 325 (1980)

## DEFENDANTS' REQUEST TO CHARGE NO. 10
### (Speculation or Guesswork)

If evidence is dependent entirely upon guesswork or speculation, it is without probative value.  If it is necessary for you to guess or speculate in order to reach a conclusion as to the allegations against these Defendants, then in that event, the Plaintiff cannot recover from the Defendants, and it would be your duty to return a verdict for the Defendants.


_____
Of Counsel for Defendants

O.C.G.A. §  24-1-1;

McCarty v. National Life & Accident Ins. Co., 107 Ga. App. 178, 182 (1962);

Ladson Motor Co. v. Croft, 212 Ga. 275 (1956)

## DEFENDANTS' REQUEST TO CHARGE NO. 11
### (Credibility of Witnesses)

Now, I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his testimony. In weighing the testimony of a witness you should consider his relationship to the plaintiff or to the defendant; his interest, if any, in the outcome of the case; his manner of testifying; his opportunity to observe or acquire knowledge concerning the facts about which he testified; his candor, fairness and intelligence; and the extent to which he has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

_____
Of Counsel for Defendant

Fifth Circuit Pattern Jury Instructions, Devitt, Blakmar & Wolff,§4

## **DEFENDANTS' REQUEST TO CHARGE NO. 12**
### **(Conflicts in Evidence)**

Any conflicts in the evidence are to be reconciled wherever possible. All witnesses are presumed to speak the truth and, if possible, you should not attribute a false statement to any of them. If you find this cannot be done then you should believe the evidence that is most reasonable and believable to you and decide the case by the preponderance of the evidence as you find it to be.

_____

Of Counsel for Defendants

Durham v. Holeman, 30 Ga. 619 (1860)

White v. Fulton, 68 Ga. 511 (1882)

Suggested Pattern Jury Instructions, Vol. 1, Civil Cases, Fifth Edition, 02.140 (2007)

## DEFENDANTS' REQUEST TO CHARGE NO. 13
### (Interest of a Witness)

I charge you that the interest of a witness in the result of a suit, especially where that witness is a party, may always be considered in passing on his credibility; and, although the witness may not be contradicted by any other witness directly, if there are circumstances inconsistent with the truth of that testimony, you are not obliged to believe that witness.

_____
Of Counsel for Defendants

Kirby v. Spivey, 167 Ga. App. 751, 753-754 (1983)

Central Truck Lines, Inc. v. Lott, 249 F.2d 722 (5th Cir. 1957)

## DEFENDANTS' REQUEST TO CHARGE NO. 14
### (Impeachment of Witness)

When witnesses appear and testify, they are presumed to speak the truth unless impeached in some manner provided by law.

To impeach a witness means to discredit the witness, or prove the witness unworthy of belief.

A witness may be impeached:  By disproving the facts to which the witness testifies;  By proof of contradictory statements previously made by the witness about matters relevant to the testimony and the case;  By evidence as to the witness' general bad character; Or, by the conviction of the witness of an offense involving moral turpitude, that is, one contrary to justice, honesty or good morals.

If it is sought to impeach a witness by proof of contradictory statements previously made by the witness about matters relevant to the testimony and the case or by evidence as the witness' general bad character,  then proof of the general good character of the witness may be shown.  The effect of the evidence is to be determined by the jury.

When a witness is successfully contradicted as to a material matter, the witness' credibility as to other matters shall be a question for the jury.

Since believability of witnesses is a matter to be determined by the jury under proper instructions from the court, if an effort is made to impeach a witness, it is the duty of the jury to determine whether the effort has been successful and

whether the witness is to be believed.

_____
Of Counsel for Defendants

O.C.G.A. §§ 24-9-80, 24-9-84, 24-9-85

Powell v. State, 101 Ga. 9 (1897)

Holloway v. Holloway, 126 Ga. 459 (1906)

Hall v. Burpee, 176 Ga. 270, 272 (1933)

Black and White Cab Co. v. Cowden, 64 Ga. App. 477 (1941)

Suggested Pattern Jury Instructions, Vol. 1, Civil Cases, Fifth Edition, 02.150 (2007)

## DEFENDANTS' REQUEST TO CHARGE NO. 15
### (Admissions)

An admission is a statement by a party that tends to aid the opposing party.  All admissions shall be carefully considered.


_____
Of Counsel for Defendants


O.C.G.A. §24-3-53

Suggested Pattern Jury Instructions, Vol. 1, Civil Cases, Fifth Edition, 02.170 (2007)

## DEFENDANTS' REQUEST TO CHARGE NO. 16
### (Expressions of Sympathy Not An Admission of Liability)

Conduct, statements or activity constituting voluntary offers of assistance or expressions of benevolence, regret, mistake, error, sympathy, or apology between or among parties to a civil action should not be considered an admission of liability.


_____
Of Counsel for Defendants


O.C.G.A. § 24-3-27.1(a)

## DEFENDANTS' REQUEST TO CHARGE NO. 17
### (Expert Testimony)

Testimony has been given in this case by certain witnesses who are termed experts. Expert witnesses are those who because of their training and experience possess knowledge in a particular field which is not common or known to the average citizen.

The law permits expert witnesses to give their opinions based upon their training and experience.

You are not required to accept the testimony of any witnesses, expert or otherwise. Testimony of an expert, like that of all witnesses, is to be given only such weight and credit as you think it is properly entitled to receive.


_____
Of Counsel for Defendants

Eleventh Circuit Pattern Jury Instructions (Civil Cases) 2005: Basic Instructions § 5.1

Suggested Pattern Jury Instructions, Vol. 1, Civil Cases, Fifth Edition, 02.120 (2007)

## DEFENDANTS' REQUEST TO CHARGE NO. 18
### (Speculative Expert Testimony)

I charge you that a statement of opinion by an expert witness which is no more than a statement of possibility is too remote and not sufficient upon which to base a verdict. The law demands that a verdict rest upon testimony and evidence, not upon conjecture and speculation. Testimony, whether direct or circumstantial, must reasonably exclude every hypothesis other than the one relied upon. In this connection, I charge you that if you find any expert testimony in this case is merely based upon a possibility, you should disregard it. Testimony as to "possibility" means testimony in which the expert witness asserts that an event "might occur", "may occur" or "could occur."

_____
Of Counsel for Defendants


Nashville Bridge Co. v. Ritch, 276 F.2d 171 (5th Cir. 1960)

National Diary Prods. Corp. v. Durham, 115 Ga. App. 420 (1967)

## **DEFENDANTS' REQUEST TO CHARGE NO. 19**

The mere fact that an accident happened, standing alone, does not permit the jury to draw the inference that the accident was caused by anyone's negligence.


_____
Of Counsel for Defendant

Federal Jury Practice Instructions, Devitt, Blackmar & Wolff, §80.07

## DEFENDANTS' REQUEST TO CHARGE NO. 20
### (No Presumption of Negligence)

The mere collision of two vehicles does not raise a presumption of negligence on the part of the Defendants and does not create a right of recovery on the part of the Plaintiff.   In order for the Plaintiff to recover, it is necessary that the Plaintiff prove by a legal preponderance of the evidence under the law as given you by the Court in its charge that the Plaintiff's damages, if any, were proximately caused by the negligence, if any, of the Defendants.


_____
Of Counsel for Defendants

Hay v. Carter, 94 Ga. App. 382 (1956)

Nathan v. Duncan, 113 Ga. App. 630 (1966)

Yellow Cab Co. v. McCullers, 98 Ga. App. 601 (1958)

**DEFENDANTS' REQUEST TO CHARGE NO. 21**
**(Ordinary Care)**

Ordinary negligence means the absence of or the failure to use that degree of care which is used by ordinarily careful persons under the same or similar circumstances.

The law of Georgia requires that all persons operating vehicles upon the highways of this State must operate such vehicles in the exercise of ordinary care. In this connection, I charge you that ordinary care does not necessarily mean such care as would prevent an accident or injury from occurring. Therefore, if you were to find under the evidence in this case that Jerry Ledford drove Defendant Sullens Trucking Companies' vehicle in the exercise of ordinary care at the time of the incident in question, the Plaintiff would not be entitled to recover damages against the Defendants even though an accident or injury may have occurred.

_____
Of Counsel for Defendants

O.C.G.A. § 51-1-2

L & N R. Co. v. Rogers, 136 Ga. 674 (2) (1911)

Suggested Pattern Jury Instructions, Vol. 1, Civil Cases, Fifth Edition, 60.010

## DEFENDANT'S REQUEST TO CHARGE NO. 22
### (Sudden Emergency Doctrine)

The Court next instructs you that where a person is confronted with an emergency not arising from his own negligence, he is not held to the same circumspection of conduct that he would be held to if he were acting without the compulsion of the emergency.  When a person is faced with a sudden emergency, he has the right to choose even a dangerous course of action if that one seems safest under the circumstances.  A person confronted with an emergency is not guilty of negligence if he makes such choice as a person of ordinary prudence might make placed in the same position.  This is true even though he might not have made the wisest choice.

_____

Of Counsel for Defendant

Federal Jury Practice Instructions, Devitt, Blackmar & Wolff, §80.24

Hendrix v. Hoover Motor Express, 112 Ga. App. 178 (1965)

Hagans v. State, 91 Ga. App. 55 (1954)

Doyle v. Dyer, 77 Ga. App. 266(2) (1948)

Atlanta Casket Co. v. Hollingsworth, 104 Ga. App. 154, 165 (1961)

Cone v. Davis, 66 Ga. App. 229 (1941)

## DEFENDANT'S REQUEST TO CHARGE NO. 23

Defendants, in this case contend that they were not negligent and exercised all the care required by law.

If Defendants are found to be liable in this case it must be because of negligence, and if the Defendants exercised the degree of care required by law to be exercised, that is to say, if Defendants exercised the care prudent men in the same or similar circumstances would have exercised, there would be no negligence, and therefore, there could be no recovery in favor of Plaintiff against the Defendants.


_____
Of Counsel for Defendants


O.C.G.A. §51-1-2

## **DEFENDANTS' REQUEST TO CHARGE NO. 24**
### **(Sudden Unforeseen Acts)**


      I charge you that the law does not impose any duty on a motorist to guard against sudden, unforeseen acts of another, which are not reasonably to be anticipated.


_____
Of Counsel for Defendants


Shelton v. Rose, 116 Ga. App. 37, 39, 156 S.E.2d 659 (1967)

Cone v. Davis, 66 Ga. App. 229, 17 S.E.2d 849 (1941)

## DEFENDANTS' REQUEST TO CHARGE NO. 25

A Defendant is under no duty to aid a Plaintiff in making out his case.  In this connection, the fact that a Defendant fails to take the witness stand or fails to offer evidence does not raise a presumption at all that the claims made by the Plaintiff is true.  The law places no duty upon a Defendant to do so.


_____
Of Counsel for Defendants



Maloy v. Dixon, 127 Ga. App. 151 (1972)

## DEFENDANTS' REQUEST TO CHARGE NO. 26
### (Proximate Cause)

In order for the Plaintiff to recover against Defendants, they must prove by a preponderance of the evidence not only that Defendants were negligent, but also that such negligence was the proximate cause of the injuries and damages complained of in this lawsuit. If you find from the evidence that the damages claimed by Plaintiff were not the proximate result of anything done by Defendants, then Plaintiff is not entitled to recover.

I further charge you that proximate cause is that which in the natural and continuous sequence, unbroken by other causes, produces an event, and without which the event would not have occurred. Proximate cause is that which is nearest in the order of responsible causes as distinguished from remote, that which stands last in causation, not necessarily in time or place, but in causal relation.

_____
Of Counsel for Defendants

Maddox v. Houston County Hospital Auth.., 158 Ga. App. 283 (1981)

Locke, et al. v. Vonaly, et al., 189 Ga. App. 783 (1989)

Suggested Pattern Jury Instructions, Vol. 1, Civil Cases, Fifth Edition, 60.200 (2007)

## DEFENDANTS' REQUEST TO CHARGE NO. 27

An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case that the at or omission played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

_____
Of Counsel for Defendant

Federal Jury Practice Instructions, Devitt, Blackmar & Wolff, §80.18

## DEFENDANTS' REQUEST TO CHARGE NO. 28
### (Proximate Cause - Chronology Doesn't Equal Casual Connection)

I charge you that the mere fact that one event chronologically follows another is alone insufficient to establish a causal connection between them. The proof offered by the Plaintiff must establish a connection between the act or acts of negligence charged and the injury alleged before the Plaintiff can be permitted to recover. A possible cause cannot be accepted by a jury as the operative cause, unless the evidence excludes all others or shows something in the way of a direct connection with the occurrence.

_____
Of Counsel for Defendants

Payne v. Chandler, 41 Ga. App. 385 (1930)

Stapleton v. Stapleton, 87 Ga. App. 417 (1953)

## DEFENDANTS' REQUEST TO CHARGE NO. 29
### (Proximate Cause - Causal Connection Explained)

One of the elements which must be proven by Plaintiff, by a preponderance of the evidence, is proximate cause.  In this regard, I charge you that in order to find in favor of the Plaintiff, you must determine from the evidence that there was a causal connection between the alleged injuries of the Plaintiff and some negligent act or acts by the Defendants.

If you should find that the Plaintiff's alleged injuries are not causally connected with the alleged negligent acts of Defendants, then there can be no recovery against Defendants.   In this connection, I charge you that you are not entitled to rely upon speculation or conjecture in determining whether there is such a causal connection.

_____
Of Counsel for Defendants

Dowling v. Lopez, 211 Ga. App. 578, 580 (1993)

Maddox v. Houston County Hospital Authority, 158 Ga. App. 283, 284 (1981)

## DEFENDANTS' REQUEST TO CHARGE NO. 30

You are not to award damages for any injury or condition from which the Plaintiff may have suffered, or may not be suffering, unless it has been established by a preponderance of the evidence in the case that such injury or condition was proximately caused by the accident in question.

_____
Of Counsel for Defendant

<u>Federal Jury Practice and Instructions,</u> Devitt, Blackmar & Wolff, § 85.15, Vol. 3, p. 340.

## DEFENDANTS' REQUEST TO CHARGE NO. 31
### (Liability Before Damages)

I charge you that you should not consider the question of damages in this case until you have first determined whether or not the Defendants are liable for the losses and damages claimed by the Plaintiff, and if you find upon the evidence and under the instructions of the Court that the Defendants are not liable to the Plaintiff, then you have no occasion at all to consider the question of damages.

The fact that I have instructed you as to the proper measure of damages should not be considered as intimating any view of mine as to which party is entitled to you verdict in this case. Instructions as to the measure of damages are given for guidance, in the event you should find in favor of the Plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

_____
Of Counsel for Defendants


See Devitt, Blackmar & Wolff, Federal Jury Practice and Instructions, § 74.02

Allison v. Patel, 211 Ga. App. 376, 382-83 (1993)

U.S. Industries, Inc., et al. v. Austin, 197 Ga. App. 74, 397 S.E.2d 469 (1990)

## DEFENDANTS' REQUEST TO CHARGE NO. 32
### (No Recovery of Unrelated Disabilities/Injuries)

Plaintiffs may not recover for injuries or disabilities which are unconnected with the acts or omissions of Defendants in this case.

The Court further charges you that the Plaintiffs have the burden of proving by a legal preponderance of the evidence that their injuries and damages, if any, were proximately caused by the negligence of Defendants. Therefore, even if you find from all of the evidence that the defendants are liable to the Plaintiffs, it would be necessary for you to go further and determine which, if any, of the Plaintiffs' alleged injuries resulted from this automobile collision.

Stated differently, I charge you that you would not be authorized to include in your verdict any amount for injuries and damages which may have resulted from some other cause altogether.

_____
Of Counsel for Defendants

Meyers v. Epstein, 282 F.Supp.2d 151 (S.D.N.Y, 2003).

Crandall v. Sammons, 62 Ga. App. 1, 5 (1940)

O.C.G.A. § 24-1-1

**<u>DEFENDANTS' REQUEST TO CHARGE NO. 33</u>**
**(Burden to Show Amount of Damages with Reasonable Certainty)**

I charge you that where a party sues for damages, they have the burden of proof of showing the amount of loss in a manner in which the jury can calculate with a reasonable degree of certainty. An allowance for damages cannot be based on guesswork.

_____
Of Counsel for Defendants

<u>Albers Mill Co. v. Donaldson</u>, 156 F.Supp. 683 (Ark. 1957)

<u>Tendrift Realty Co. v. Hayes</u>, 140 Ga. App. 896 (1977)

<u>Hayes v. Flaum</u>, 138 Ga. App. 787 (1976)

## DEFENDANTS' REQUEST TO CHARGE NO. 34

Damages must be reasonable. If you should find that the plaintiff[s] is entitled to a verdict, you may award [him/her] only such damages as will reasonably compensate her for such injury and damage as you find, from a preponderance of the evidence in the case, that [she/he] has sustained as a proximate result of the accident.

You are not permitted to award speculative damages. So, you are not to include in any verdict compensation for any prospective loss which, although possible, is not reasonably certain to occur in the future.

_____
Of Counsel for Defendant

Federal Jury Practice Instructions, Devitt, Blackmur & Wolff, §85.14

## DEFENDANTS' REQUEST TO CHARGE NO. 35

As to medical expenses, such as hospital, doctor and medicine, the amount of damages would be the reasonable value of such expense as was reasonably necessary.

_____
Of Counsel for Defendant

O.C.G.A. § 51-12-7

## DEFENDANTS' REQUEST TO CHARGE NO. 36
### (Future Damages)

Where the Plaintiff seeks to recover future damages or damages that have not yet been incurred, evidence of those damages must be sufficient to allow the jury to calculate the amount of compensatory damages to a degree of reasonable certainty.  As to damages, a jury must be able to calculate the amount of damages from the data furnished and it cannot be placed in a position where an allowance of loss is based on guesswork. A jury must be able to calculate loss with a reasonable certainty.  If evidence is dependent entirely upon guesswork or speculation, it is without probative value.  If it is necessary for you to guess or speculate in order to reach a conclusion, then in that event the Plaintiff has not met their burden of proof on that issue.

The party claiming damages carries not only the burden of proving the damages, but also furnishing the jury with sufficient data to estimate the damages with reasonable certainty.

_____
Of Counsel for Defendants

Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492 (11th Cir. 1985)

O.C.G.A. § 51-12-8

CSX Transp., Inc. v. West, 240 Ga.App. 209, 212-13 (1999)

McCarty v. National Life & Acc. Ins. Co., 107 Ga.App. 178, 182-183 (1962)

Bridges Farm v. Blue, 221 Ga. App. 773 (1996)

## DEFENDANTS' REQUEST TO CHARGE NO. 37
### (Duty to Mitigate)

When a plaintiff is injured as the proximate result of negligence of a defendant, the plaintiff must mitigate or lessen his damages as far as practicable by the use of ordinary care and diligence. "Mitigate" means to reduce or lessen one's damages. If you find by a preponderance of the evidence that Defendants' negligence, if any, proximately caused plaintiff's injuries or loss, you must consider whether under the evidence plaintiff could have mitigated, reduced, or lessened the consequences of Defendants' alleged negligence by the exercise of ordinary care and diligence. If you find that the plaintiff could reasonably have mitigated his damages but failed to do so, then it would be your duty to reduce the award, if any, to plaintiff to the extent that he could have lessened his damages.

_____
Of Counsel for Defendants

O.C.G.A. § 51-12-11

Gleason v. Rhodes Center Pharmacy, Inc., 94 Ga. App. 439(2) (1956)

Butler v. Anderson, 163 Ga. App. 547 (1982)

## DEFENDANT'S REQUEST TO CHARGE NO. 38

It is the duty of any person who has been injured to use reasonable diligence and reasonable means under the circumstances, in order to prevent the aggravation of such injuries and to effect a recovery from such injuries.

_____
Of Counsel for Defendant

<u>Federal Jury Practice and Instructions</u>, Devitt, Blackmar & Wolff, §85.13

<u>Fifth Circuit Civil Pattern Charges</u>, § 7B, 7C

## DEFENDANTS' REQUEST TO CHARGE NO. 39

If you find that damages should be awarded in this case - and by giving you this law the Court in no way suggests that damages should or should not be given - you should bear in mind that the purpose of awarding damages is to compensate the Plaintiff for damages allegedly suffered and not to unreasonably burden the Defendants beyond the point of compensating the Plaintiff.

_____

Of Counsel for Defendants

Atlanta Recycled Fiber Co. v. Tri-Cities Steel Co., 152 Ga. App. 259 (1979)

## DEFENDANTS' REQUEST TO CHARGE NO. 40

Damages must be reasonable.  If you should find that the plaintiff[s] is

entitled to a verdict, you may award [him/her] only such damages as will

reasonably compensate her for such injury and damage as you find, from a

preponderance of the evidence in the case, that [she/he] has sustained as a

proximate result of the accident.

You are not permitted to award speculative damages.  So, you are not

to include in any verdict compensation for any prospective loss which, although

possible, is not reasonably certain to occur in the future.


_____

Of Counsel for Defendant


Federal Jury Instructions, Devitt, Blackmar & Wolff, §85.14

## DEFENDANTS' REQUEST TO CHARGE NO. 41
### (Corporation as Defendant)

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A corporation is entitled to the same fair trial at you hands as a private individual. The law is no respecter of persons; all persons, including corporations, and other organizations, stand equal before the law, and are to be dealt with as equals in a court of justice.

_____

Of Counsel of Defendants

Georgia Pattern Jury Instruction, p. 3 (1991)

## DEFENDANTS' REQUEST TO CHARGE NO. 42
### (Sympathy and Prejudice)

The law does not permit you in arriving at your verdict to be governed by sympathy and prejudice. You may not, therefore, base your verdict in this case upon sympathy for or prejudice against either party. On the contrary, your verdict must be supported by evidence and based upon the law as given you by the Court in charge.

_____
Of Counsel of Defendants

<u>Suggested Pattern Jury Instructions</u>, Vol. 1, Civil Cases, Fifth Edition, 02.550 (2007)

<u>Sellers v. White</u>, 104 Ga. App. 148, 149 (1961)

## DEFENDANTS' REQUESTS TO CHARGE NO. 43

If you should find that the plaintiff[s] [is/are] entitled to a verdict, in fixing the amount of your award you may not included in, or add to an otherwise just award, any sum for the purpose of punishing the defendant[s], or to serve as an example or warning for others. Nor may you include in your award any sum for court costs or attorneys' fees.

_____

Of Counsel for Defendant

Federal Jury Practice Instructions, Devitt, Blackmar & Wolff, §85.16

## DEFENDANTS' REQUESTS TO CHARGE NO. 44

Conduct, statements or activity constituting voluntary offers of assistance or expressions of benevolence, regret, mistake, error, sympathy or apology between or among parties to a civil action should not be considered an admission of liability.


_____
Of Counsel for Defendant


O.C.G.A. § 24-3-27.1(a)

## DEFENDANTS' REQUESTS TO CHARGE NO. 45

In addition to actual damages, the law permits the jury, under certain circumstances, to award the injured person punitive or exemplary damages, in order to punish the wrongdoer for some extraordinary misconduct, and to serve as an example or warning to others not to engage in such conduct.

If you find from a preponderance of the evidence in the case that the plaintiffs are entitled to a verdict for actual or compensatory, and you further find that the act or omission of the defendants, which proximately caused actual injury or damage to the plaintiffs, was maliciously, or wantonly, or oppressively done, then you may add to the award of actual damages such amount as you shall unanimously agree to be proper, as punitive and exemplary.

An act or a failure to act is "maliciously" done, if prompted or accompanied by ill will, or spite, or grudge, either toward the injured person individually, or toward all persons in one or more groups or categories of which the injured person is a member.

An act or failure to act is "wantonly" done, if done in reckless or callous disregard of, or indifference to, the rights of one or more persons, including the injured persons.

An act or a failure to act is "oppressively" done, if done in a way or manner which injures, or damages, or otherwise violates the rights of another person with

unnecessary harshness or severity, as by misuse or abuse of authority or power, or by taking advantage of some weakness, or disability, or misfortune of another person.

Whether or not to make any award of punitive damages and exemplary damages, in addition to actual damages, is a matter exclusively within the province of the jury, if you unanimously find, from a preponderance of the evidence in the case, that the defendants act or omission, which proximately caused actual damage to the plaintiffs, was maliciously, or wantonly or oppressively done; but you should always bear in mind that such extraordinary damages may be allowed only if you should first unanimously award the plaintiffs a verdict for actual damages. And you should also bear in mind, not only the conditions under which, and the purpose for which, the law permits an award of punitive and exemplary damages to be made, but also the requirement of the law that the amount of such extraordinary damages, when awarded, must be fixed with calm discretion and sound reason, and must never be either awarded, or fixed in amount, because of any sympathy, or bias, or prejudice with respect to any party to the case.

_____
Of Counsel for Defendant


<u>Federal Jury Practice & Instructions,</u> Devitt, Blackmar, and Wolff, §85.19

This 7th day of April, 2010.

CARLOCK, COPELAND & STAIR, LLP

By:/s/ Eric J. D. Rogers
  D. GARY LOVELL, JR.
  State Bar No.: 459389
  ERIC J.D. ROGERS
  State Bar No: 100081

2600 Marquis Two Tower
285 Peachtree Center Avenue, NE
Atlanta, GA 30303-1235
(404) 522-8220
glovell@carlockcopeland.com
rlittle@carlockcopeland.com
jrogers@carlockcopeland.com

  I certify that the originally-executed document contains the signatures of all filers indicated herein and therefore represents consent for filing of this document.

By:/s/ Eric J.D. Rogers
  ERIC J.D. ROGERS
  State Bar No.: 454262
  Attorney for Defendants

Carlock, Copeland & Stair, LLP
2600 Marquis Two Tower
285 Peachtree Center Avenue, NE
Atlanta, GA 30303-1235
(404) 522-8220
rlittle@carlockcopeland.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| JAMES MACK BROWN, BAMBIE BROWN, KIM O'DONNELL, TODD O'DONNELL, SEAN NIX and JENNIFER NIX, | ) ) ) ) CASE NO.:  3:09-cv-2 (CDL) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| JERRY CALVIN LEDFORD and SULLENS TRUCKING CO., INC., | ) ) ) |
| Defendants. | ) |

## <u>CERTIFICATE OF SERVICE</u>

I certify that I have served a copy of the within and foregoing pleading upon

all parties to this matter by depositing a true copy of same in the U.S. Mail, proper

postage prepaid, addressed to counsel of record as follows:

John R. McCown, Esq.
The McCown Law Firm, P.C.
20 E. Athens Street
Winder, GA  30680

Michael J. Gamble
206 E. Main Street
Dothan, AL  36201

This 7th day of April, 2010.

**CARLOCK, COPELAND, & STAIR, LLP**

By:     */s/ Eric J.D. Rogers*
        D. GARY LOVELL, JR.
        State Bar No.: 459389
        ERIC J.D. ROGERS
        State Bar No: 100081

        Attorney for Defendants

Carlock, Copeland & Stair, LLP
2600 Marquis Two Tower
285 Peachtree Center Avenue
Atlanta, GA 30303-1235
(404) 522-8220